UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL SMITH,

Plaintiff,

CASE NO.:

vs.

BANK OF AMERICA, N.A. and
DOES 1 to 10,

Defendant(s).
____________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, MICHAEL SMITH ("Plaintiff" or "Mr. Smith"), through his attorneys, and brings this Complaint and Demand for Jury Trial ("Complaint") against Defendant Bank of America, N.A. ("Defendant" or "Bank of America") to stop Defendant's practice of **unlawful debt collection practices**. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## INTRODUCTION

1. Plaintiff's first cause of action is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the

Federal Communications Commission ("FCC"). The TCPA was enacted to protect consumers from unsolicited telephone calls exactly like those alleged in this case.

2. Plaintiff's second cause of action is based upon the Florida Consumer Collection Practices Act, FCCPA §559.72. The FCCPA prohibits communication with the debtor or the debtor's family with such frequency that it can be seen as harassing.

3. Plaintiff's third cause of action is based upon the tort of Intrusion Upon Seclusion.

## JURISDICTION AND VENUE

4. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq. and 28 U.S.C. § 1331.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

7. Plaintiff is a consumer as defined in FCCPA § 559.55(2) who resides in Safety Harbor, Pinellas County, Florida.

8. Defendant is a debt collector with its principal place of business located at 100 North Tryon Street, Charlotte, NC 28255. Defendant can be served through their Registered Agent: CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

9. Defendant's principal purpose is the collection of debts and Defendant regularly collects or attempts to collect debts owed, or due, or asserted to be

owed or due. Defendant regularly uses the telephone to engage in the business of collecting debt in several states including Florida. Also, Defendant is a "creditor" as defined by the FCCPA § 559.55(3).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Upon information and belief, Defendant is attempting to collect an alleged debt from Plaintiff.

12. In or around August of 2017, Defendant began placing collection phone calls to Plaintiff's cellular phone at (217) 801-XXXX. The calls mainly originated from (800) 536-1584 and (800) 531-7209, phone numbers that, through information and belief, are owned or operated by Defendant.

13. On or about August 6, 2017 at approximately 3:15 pm, Plaintiff received a phone call from (800) 536-1584; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an ATDS.

14. Defendant informed Plaintiff that it was attempting to collect a debt.

15. Plaintiff unequivocally revoked consent to be called any further on his cellular phone.

16. Plaintiff's request was ignored, as he continued to receive frequent and annoying phone calls from Defendant.

17. On or about August 21, 2017, Mr. Smith received three calls from Bank of America, all originating from (800) 536-1584. Those calls occurred at approximately 11:22 a.m., 3:55 p.m., and 7:40 p.m.

18. During each of those three calls, Mr. Smith spoke to a representative and told the agent to stop calling his cellular phone. Those three requests were also

ignored.

19. The next day, August 22, 2017, Mr. Smith received three more phone calls from Bank of America, all originating from (800) 563-1584. Those calls occurred at approximately 10:26 a.m., 3:09 p.m., and 6:18 p.m.

20. During each of those three calls, Mr. Smith spoke to a representative and told the agent to stop calling him. Those requests were also ignored.

21. Mr. Smith, at this point, had revoked consent to be contacted further on at least seven (7) different occasions.

22. Over the course of the next three days, August 23, August 24, and August 25, 2017, Mr. Smith spoke to a representative of Defendant on at least six different occasions. All of those phone calls originated from (800) 536-1584.

23. During each of those six phone calls, Mr. Smith unequivocally revoked consent to be contacted on his cellular phone any further.

24. Mr. Smith had revoked consent to be contacted approximately thirteen (13) times by the end of August 25, 2017.

25. On or about September 3, 2017 at 8:01 pm, Mr. Smith received a call from Bank of America originating from (800) 531-7209.

26. During that phone call, Mr. Smith spoke to a representative and told the agent to stop calling his cellular phone. Mr. Smith's fourteenth request to not be contacted any further was, again, ignored.

27. Despite Mr. Smith's numerous requests to stop being called on his cellular phone, Defendant continued to place phone calls to him with alarming frequency.

28. Between August 6, 2017 and October 18, 2017, Plaintiff was contacted approximately sixty (60) times, despite his numerous requests to not be contacted on his cellular phone any further.

29. During that time period, Mr. Smith would frequently receive 3-5 phone calls

in a single day.

30. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *2003 TCPA Order*, 18 FCC Rcd at 14091, para. 131.
31. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id*.
32. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id*. at 14091-92, paras. 132-33.
33. Defendant attempted to predict when Plaintiff was available by calling him at the same time multiple days in a row at: 10:26 a.m. (August 22, 2017), 10:30 a.m. (August 23, 2017), 10:41 a.m. (August 24, 2017), and 10:47 a.m. (August 25, 2017).
34. Upon information and belief, within the two years prior to the filing of this action, Defendant caused Plaintiff's telephone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff into making payment.
35. Plaintiff uses his cellular phone as his primary means of communication, even within his own home.
36. The repeated and excessive calls made to Plaintiff's cellular phone from Defendant caused Plaintiff severe emotional distress and mental anguish.

**FIRST CAUSE OF ACTION**
**VIOLATION OF TCPA, 47 U.S.C. § 227**

37. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through thirty-six (36) as though set forth at length herein.

38. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    (a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice - to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    (b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and, as such, Defendant knowingly and/or willfully violated the TCPA.

39. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for

each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## SECOND CAUSE OF ACTION
### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FCCPA §559.72

40. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through thirty-six (36) as though set forth at length herein.
41. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:
    (a) Defendant violated FCCPA §559.72(7) by communicating with the debtor with such frequency that it can be seen as harassing.

## THIRD CAUSE OF ACTION
### INTRUSION UPON SECLUSION

42. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through thirty-six (36) of this complaint as though fully set forth herein at length.
43. Plaintiff's personal affairs are a secret and private subject matter.
44. Plaintiff has the right to keep his personal affairs secret.
45. Defendant's repeated phone calls in an attempt to coerce Plaintiff to pay an alleged debt after being told, repeatedly, to stop calling him on his cellular telephone is an intrusion upon Plaintiff's personal affairs which would be objectionable conduct to a reasonable person.
46. Defendant is aware or should have been aware that continuing to call Plaintiff after being told approximately fourteen (14) separate times to stop would be offensive to persons of ordinary sensibilities.

47. Defendant's behavior described above goes beyond the limits of decency.

## JURY DEMAND

Plaintiff demands a jury trial on all issues triable to a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Michael Smith, respectfully requests judgment be entered against Defendant, Bank of America, N.A., for the following:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

B. Statutory, actual, and punitive damages and attorney's fees and costs pursuant to the FCCPA §559.77;

C. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

D. For such other and further relief as the Court may deem just and proper.

Dated: April 13, 2018.

Respectfully Submitted,

By:*/s/ Aaron M. Swift*

Aaron M. Swift, Esq.
FBN 0093088
Swift Law, P.A.
10460 Roosevelt Blvd. M.
Suite 313
St. Petersburg, FL 33716
Telephone: (727) 490-9919
Facsimile: (727) 255-5332
aswift@swift-law.com
*Attorney for Plaintiff,*
*Michael Smith*